Dear Representative Faucheux:
Your opinion request regarding speed bumps as a means of traffic control in the Town of Gramercy has been received and forwarded to me for response.
The Town of Gramercy may utilize speed bumps as a means of traffic control. I have attached two opinions (Opinion No. 77-158 and 81-69) which interpret Louisiana law to allow a town or parish to utilize speed bumps in order to protect the public safety.
I trust this addresses your concerns. Please feel free to contact this office should you have any further inquiries.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ THOMAS L. ENRIGHT, JR. ASSISTANT ATTORNEY GENERAL
RPI/TLE:dsc
Enclosures
OPINION NO. 77-158
70-Motor Vehicles — Control and Regulation
In absence of specific highway statue or regulation, police jury may employ the use of speed bumps as a traffic control device.
Dear Mrs. Wagner:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr has been directed to me for attention. You ask the following question:
 Whether or not the police jury could legally place speed bumps in a parish road as a form of traffic control?
While the primary authority and responsibility for traffic control and the operation and use of all of the highways of the state is fixed in the Department of Highways in R.S. 32:1, et seq, R.S. 32:21 provides that local authorities may adopt local traffic regulations over their own roads in accordance with the provisions of R.S. 32:41 and 42; R.S.48:751, et seq sets up the Louisiana Parish Road System under the administration of the police jury; R.S. 32:235 provides that the Department of Highways shall adopt a uniform manual for traffic control throughout the state, and the police jury is charged with the duty to place and maintain such traffic control devices upon the roads within their jurisdiction.
It is assumed that speed bumps and their use are not contained in the said Department of Highways manual.
While R.S. 32:41 pertains to local municipal authorities, R.S. 32:42
extends the scope of R.S. 32:41 to police juries over parish roads within their jurisdiction.
R.S. 32:41 (A). reads in part as follows:
 A. The provisions of this Chapter shall not be deemed to prevent local municipal authorities, with respect to highways other than state maintained highways within their corporate limits, from adopting ordinances:
 * * *
 (2) Enforcing the provisions of this Chapter, regulations of the department and director of public safety and local regulations adopted pursuant hereto, by means of police officers, or by the use of traffic-control devices approved by the department;
 * * *
 (9) Establishing speed limits and speed zones, provided that no speed shall be permitted which is in excess of the specific maximum speed limits established by this Chapter;
 * * *
 (10) Restricting traffic on limited access highways...
 * * *
 (13) Creating additional regulations controlling traffic upon nonstate maintained highways within their corporate limits under their general police power so long as such regulations do not modify, or conflict with, the provisions of this Chapter or regulations of the department and director of public safety adopted pursuant hereto.
While R.S. 32:41 (A)(2) and (C) provide for approval by the Department of Highways, it is felt that the placing of speed bumps on the parish road in question would more properly fall under paragraphs (9) and (10) since the placing of speed bumps would have a direct bearing on speed limits and speed zones and in a somewhat lesser manner would restrict traffic on limited access highways.
Therefore, not appearing to be in conflict with any specific provision in R.S. 32:1, et seq, particularly with reference to R.S. 32:235, it is the opinion of our office that under the police powers of the police jury in R.S. 32:1236, R.S. 48:481 and 751, the Washington Parish Police Jury would have the authority by ordinance to place speed bumps on a parish road as a traffic control device to regulate speed thereon without the necessity of prior approval by the Department of Highways.
If you have any further questions concerning this matter, please contact our office.
Yours very truly,
WILLIAM J. GUSTE, JR.
ATTORNEY GENERAL
By: Harry H. Howard
Assistant Attorney General
HHH:ww
OPINION NO. 81-69
January 26, 1981
70 — MOTOR VEHICLE-Control Regulation
Absent state highway regulation city may employ use of speed bumps.